# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 21-CR-4046-LTS-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| ANTHONY CRIST, | |
| Defendant. | |

On January 6, 2022, the above-named Defendant appeared before the undersigned United States Magistrate Judge by consent (Doc. 149) and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty[1] to Count 1 of the Indictment (Doc. 5). Doc. 155. After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that Defendant's decision to plead guilty was knowing and voluntary and that each offense pleaded to was supported by an independent basis in fact containing each of the essential elements of the offense. I therefore **RECOMMEND** that the Court **ACCEPT** Defendant's guilty plea and adjudge Defendant guilty.

At the commencement of the Rule 11 proceeding, I placed Defendant under oath and explained that if Defendant answered any question falsely, the government could prosecute Defendant for perjury or for making a false statement. I also advised Defendant that in any such prosecution, the government could use against Defendant any statements made under oath.

I then asked Defendant a number of questions to ensure Defendant had the requisite mental capacity to enter a plea. I elicited Defendant's full name, age, and extent of education. I also inquired into Defendant's history of mental health issues, use of drugs

---

[1] Plea entry was timely as the plea entry deadline was extended (Doc. 152).

and alcohol, and current use of medications. From this inquiry, I determined Defendant was not suffering from any mental disability or other issue that would impair Defendant's ability to make a knowing, intelligent, and voluntary guilty plea.

Defendant acknowledged receipt of a copy of the Indictment and further acknowledged that Defendant had fully discussed the Indictment with Defendant's counsel. Defendant acknowledged that Defendant had fully conferred with counsel prior to deciding to plead guilty and that Defendant was satisfied with the representation provided by Defendant's counsel.

I fully advised Defendant of all the rights Defendant would be giving up if Defendant decided to plead guilty, including:

1. The right to assistance of counsel at every stage of the case;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That Defendant would be presumed innocent, and would be found not guilty unless the government could prove each and every element of the offense beyond a reasonable doubt;

5. Defendant would have the right to see and hear all the government's witnesses, and Defendant's attorney would have the right to cross-examine any witnesses called by the government;

6. That Defendant would have the right to subpoena witnesses to testify at the trial and if Defendant could not afford to pay the costs of bringing these witnesses to court, then the government would pay those costs;

7. That Defendant would have the privilege against self-incrimination; i.e., Defendant could choose to testify at trial, but need not do so; if Defendant chose not to testify, then the Court would instruct the jury that it could not consider or discuss Defendant's decision not to testify;

8. That any verdict by the jury would have to be unanimous;

9. That Defendant would have the right to appeal, and if Defendant could not afford an attorney for the appeal, then the government would pay the costs of an attorney to prepare the appeal.

I explained that if Defendant pleaded guilty, Defendant would be giving up all of these rights, there would be no trial, and Defendant would be adjudged guilty just as if Defendant had gone to trial and a jury returned a guilty verdict against Defendant. Defendant acknowledged Defendant understood each of these rights and that Defendant would be waiving these rights by pleading guilty.

I determined that Defendant was pleading guilty pursuant to a plea agreement with the government. After confirming that a copy of the written plea agreement was in front of Defendant and Defendant's counsel, I determined that Defendant had reviewed the plea agreement with counsel prior to the hearing. I summarized the plea agreement, and made certain Defendant understood its terms.

I summarized the charge against Defendant and listed the elements. I determined that Defendant understood each and every element, and Defendant's counsel confirmed that Defendant understood these elements. I elicited a full and complete factual basis for all elements of the crime to which Defendant was pleading guilty. Defendant's attorney indicated that each offense to which Defendant was pleading guilty was factually supported.

I explained to Defendant that the district judge would determine the appropriate sentence at the sentencing hearing. I explained that the Court will use the advisory United States Sentencing Guidelines to determine Defendant's sentence. I explained that the sentence imposed might be different from what the advisory guidelines suggested it should be, and may be different from what Defendant's attorney had estimated. I explained that a United States Probation Officer would prepare a written presentence investigation report to assist the Court at sentencing and that Defendant and Defendant's counsel would have an opportunity to read the presentence report before the sentencing hearing, and would have the opportunity to object to the contents of the report. I further

3

explained that Defendant and Defendant's counsel would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

I advised Defendant of the consequences of each guilty plea, including the maximum fine, the maximum term of imprisonment, the mandatory minimum term of imprisonment, the term of supervised release, and the possibility that restitution may be ordered. Specifically, I advised Defendant **Count 1** is punishable by:

| | |
|---|---|
| mandatory minimum term of imprisonment | **10 years**; |
| maximum term of imprisonment | **life**; |
| maximum fine | **$10,000,000.00**; |
| minimum term of supervised release | **5 years**; |
| maximum term of supervised release | **life**. |

I advised Defendant that there is no parole in the federal system. I also advised Defendant that the Court will impose a mandatory special assessment of **$100.00**, which Defendant must pay. I further advised Defendant of the collateral consequences of pleading guilty.

Defendant acknowledged understanding the consequences and penalties associated with a guilty plea.

I explained that the Court will impose conditions of supervised release, and that if Defendant violates any condition of supervised release, then the Court could revoke Defendant's supervised release and require Defendant to serve all or part of the term of supervised release in prison, without credit for time previously served on supervised release.

I explained that pursuant to the plea agreement, Defendant waived any right to appeal the sentence imposed by the judge, except for under the limited circumstances set forth in the plea agreement. Defendant acknowledged understanding of this section of the plea agreement.

Defendant confirmed that the decision to plead guilty was voluntary and was not the result of any promises, other than plea agreement promises, and the decision to plead guilty was not the result of anyone threatening, forcing, or pressuring Defendant to plead

4

guilty. I explained that after the district judge accepted Defendant's guilty plea, Defendant would have no right to later withdraw that plea, even if the sentence imposed was different from what Defendant anticipated.

Defendant confirmed that Defendant still wished to plead guilty, and Defendant pleaded guilty to **Count 1** of the Indictment.

I find the following with respect to the guilty plea:

1. Defendant's plea is voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and Defendant is fully competent.

2. Defendant is aware of the minimum and maximum punishment.

3. Defendant knows of and voluntarily waived Defendant's jury trial rights.

4. There is a factual basis for the plea.

5. Defendant is guilty of each crime to which Defendant pleaded guilty.

I explained that the parties have 14 days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are made, then the district judge may accept Defendant's guilty plea by simply entering a written order doing so. *United States v. Cortez-Hernandez*, 673 Fed. App'x 587 (8th Cir. 2016) (per curiam), suggests that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed. *But see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within 14 days after this report and recommendation is filed.

Defendant will remain detained pending sentencing.

**DONE AND ENTERED** this 7th day of January, 2022.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

5